[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on March 17, 1992 at Thompson, Connecticut. The plaintiff has resided continuously in this state one year next before the date of this complaint. There is one child, issue of the marriage, Ryan Alexander, born October 19, 1982. No other children have been born to the plaintiff since the date of this marriage. No city, state or federal agency is contributing to, or has contributed to the support of any of the parties to this action. The evidence clearly demonstrated that this marriage has irretrievably broken down and judgment may enter CT Page 6744 dissolving the marriage on that ground.
The plaintiff, age 45, has been the homemaker during the marriage for the family, which included one child of the plaintiff from a former marriage. She worked full time before her pregnancy with Ryan and part-time since his birth. She has office management and bookkeeping skills. She has no health problems. She presently earns $258.30 per week. At the time of this marriage, she had assets in excess of $35,000.
The defendant, age 38, is employed as a sales person and earns $6,615.37 per month. He has been earning consistently more but lost that job and was unemployed from January 1, 1991 until January 27, 1992. The defendant has indicated no health problems.
Both parties offered testimony as to the cause of the breakdown of this relationship. The court finds that each party was not without some fault, but that the defendant must assume, by far, the major responsibility for the failure of this marriage. To record for posterity the reasons for this conclusion would serve no useful purpose. The court does find that the plaintiff's evidence was much more credible than that of the defendant.
This was a difficult and emotional trial. The court would be remiss if it did not compliment counsel for the parties for their well prepared and presented cases. Their efforts assisted the court in making several difficult decisions.
The court has carefully considered the evidence presented and the arguments of counsel. It has also considered the criteria set forth in Connecticut General Statutes 46b-56, 46b-56a, 46b-62,46b-81, 46b-82, 46b-84 and 46b-66 in reaching the decisions reflected in the orders that follow.
I. Custody and Visitation
The parties have entered into a stipulation dated May 26, 1992, which the court finds reasonable and which is hereby incorporated herein by reference, attached hereto, made part hereof and marked "Schedule A".
II. Alimony and Support
1. The defendant is ordered to pay the plaintiff the sum of $400 per week as and for unallocated alimony and child support commencing May 25, 1992 and continuing until July 25, 2002, the death of either party or the plaintiff's remarriage, whichever event first occurs. A contingent wage order may issue.
2. Commencing July 25, 2002, the death of the plaintiff or CT Page 6745 the plaintiff's remarriage, whichever event first occurs, the defendant shall pay to the plaintiff child support of $300 per week continuing until the death, emancipation or the minor child obtaining majority, or death of the defendant, whichever event first occurs. A contingent wage withholding order may issue.
III. Life Insurance
1. To secure the defendant's obligation to pay child support, the defendant shall maintain his son as irrevocable beneficiary of life insurance having a net benefit in the event of the death of the defendant: of $100,000.00 for as long as the defendant is obligated to pay child support.
2. To secure the defendant's obligation to pay the unallocated alimony and support ordered herein, the defendant shall maintain the plaintiff as irrevocable beneficiary of a life insurance policy having a net benefit in the event of the death of the defendant of $50,000 until July 25, 2002, the death of either party or the plaintiff's remarriage, whichever event first occurs.
IV. Medical Coverage
1. The defendant shall maintain medical, hospitalization and dental insurance for the benefit of his minor son, for as long as the defendant is required to provide child support. Any unreimbursed medical and dental, orthodontia, psychiatric, psychological, nursing and prescription drug expenses for the minor child shall be paid by the defendant. The provisions of 46b-84c of the Connecticut General Statutes are hereby incorporated herein by reference.
2. The defendant shall cooperate with the plaintiff in the plaintiff's obtaining medical hospitalization and dental insurance under the defendant's coverage for three years and the defendant shall pay the premiums therefor. The foregoing shall not apply if such coverage is available to the plaintiff through her employment.
V. Lump Sum Alimony
As and for lump sum alimony, the defendant shall convey to the plaintiff all his right, title and interest in and to the real estate known as 777 Wardwell Drive, New Canaan, Connecticut. The plaintiff shall hold defendant harmless from the first mortgage, second mortgage and New Canaan Bank and Trust Loan. Defendant shall hold plaintiff harmless from the negative covenant for nonpayment of child support to defendant's first wife.
VI. Arrearage CT Page 6746
The court finds that the defendant owes an arrearage on the pendente lite order for child support, the defendant owes the plaintiff $5,160 as of May, 1992. That arrearage consists of 27 weeks at $70.00 per week totalling $1,890.00 and 15 weeks (January 31, 1992 through May 8, 1992) at $218.00 per week totalling $3,270.00, making the total arrearage of $5,160.00. That arrearage of $5,160.00 includes the support arrearage of $2,660.00 found by the court (Coppeto, J.) on March 30, 1992 but does not include the $262.51 in unreimbursed medical. The defendant is ordered to pay this arrearage no later than October 17, 1992.
VII. Liabilities
The parties each list several debts on their financial affidavits dated May 4, 1992 by the plaintiff and May 21, 1992 by the defendant. The following orders may enter as to the payment of those debts.
1. The defendant shall be responsible for the payment of the following debts and shall indemnify and hold harmless, the plaintiff from any and all liability thereon:
a. One-half of the balance due on the American Express account.
b. One-half the balance due on the Bank of Boston credit card account.
c. All of the balance due on the Citibank Advantage credit card account
d. One-half of the balance due on the Connecticut Savings Bank loan.
e. All of the balance due on the New Canaan Bank and Trust cash reserve account and forthwith obtain and record a release in the land records of the real estate attachment levied by the bank.
f. All of the IRS debt for 1989 and 1990.
g. All of the following debts: Vanus Pharmacy — $813.05; Doctor Marachie — $1,500.00; Norwalk Anesthesiology — $607.50; Doctor Levy — $100.00; Doctor Grossman — $55.00; Doctor Vris — $1,175.00; Pediatric Associates — $45.00; Pediatric Patient Care — $100.00; Doctor John Kerchoff — $55.00; Doctor Gregory Sanford — $2,500.00; Oral Surgeon Associates — $351.00; Connecticut National Bank — $3,779.08; Alimony (previous marriage) $8,600.00; Michael B. Gold, Associates — $500.00; New Canaan Eye — $65.00; Richards Men Shop — $381.00; Chris Gracci — $2,000.00; Conrad Vitolo — $2,000.00; Glen Kakol — $500.00; CT Page 6747
2. The plaintiff shall be responsible for the payment of the following debts and shall indemnify and hold harmless the defendant from any and all liabilities thereon.
a. One-half the balance due on the American Express account.
b. One-half the balance due on the Bank of Boston credit card.
c. One-half the balance due on the Connecticut Savings Bank loan.
d. All of the following debts: Security Pacific — $11,322.63; Clinton Garage Door — $125.60; Palladino Septic — $140.00; Northeast Utilities — $1,277.88; Sam's Refuse — $168.00; Homecare — $124.20; Herbert Oil Co. — $251.11; Robert J. McGrath — $248.00; Attorney Peter W. Shafran — $779.15; St. Aloysius Church — $50.00; First Mortgage — $116,977.66; Second Mortgage — $124,680.79; New Canaan Bank and Trust — $10,000.00;
IX. Property and Taxes
1. Defendant shall indemnify and hold the plaintiff harmless from any liabilities for taxes, assessment penalties or interest that may result from any joint federal, state or local income tax returns signed by the plaintiff and the defendant.
2. Each party shall retain their respective bank accounts, IRA's, and custodial accounts.
3. Each party shall retain the car in his or her name and other personal property presently in his or her possession.
4. The parties shall file a joint income tax return for 1991. In the event of a deficiency or refund, same shall be the obligation/asset of the defendant.
5. Defendant shall be entitled to claim the minor child as a dependent for state and federal income tax purposes provided the financial orders entered herein are not in arrears.
6. Any tax due on the gain upon the sale of the marital home shall be the exclusive obligation of the plaintiff and she shall indemnify and hold the defendant harmless therefrom.
X. Attorneys' Fees
Each party shall be responsible for payment of their own attorney's fees. CT Page 6748
Judgment may enter accordingly.
SYLVESTER, J.
SCHEDULE A
STIPULATION RE: CUSTODY
The parties, PATRICIA ALEXANDER and JOHN C. ALEXANDER, hereby stipulate as follows:
1. The parents will share joint custody of their child, RYAN (d.o.b. 10/19/82). The parents understand joint custody, in this case, to mean that the parents will consult with one another on any and all major decisions involving their child, RYAN.
2. Primary residence for the child will be with his mother.
3. Ryan will be with his father each Sunday from 12:00 noon to 6:00 p. m. When the father is away on business (a schedule of his travel will be provided to the Mrs. Alexander for three months at a time in order to plan visits to replace missed Sundays) and misses a Sunday visit, the visit will occur on the Wednesday (or Thursday) following so that there is weekly contact between Ryan and his father.
May 24, 1992 and May 31, 1992 are Sunday visits (12:00 noon to 6:00 p. m.). The next three months schedule will be submitted prior to May 30, 1992.
It is essential that both parents support this schedule and that it be consistent and punctual.
4. Mr. Alexander will phone his son each Tuesday and each Thursday between the hours of 6:00 p. m. and 7:00 p. m. Mrs. Alexander will have the phone company check the phone service and phone lines since there appears to be a problem, on occasion, with calls going through.
5. It is anticipated that if these visits occur consistently and without incident for a time that visitation may be expanded.
6. Mr. Alexander will consult with the personnel at East School in New Canaan, particularly with Mr. Rose Ellen Fannelli.
7. Mrs. Alexander will provide Mr. Alexander with a schedule of Ryan's baseball games and other activities as they arise.
PATRICIA ALEXANDER JOHN C. ALEXANDER CT Page 6749 DATED: 6/2/92 DATED: 5/26/92